```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
CYNTHIA RAMOS, as Parent and Natural
Guardian of W.R., and CYNTHIA RAMOS,
Individually,                                           19cv2923 (JGK)

                        Plaintiff,                      OPINION & ORDER

        - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                        Defendants.
------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Cynthia Ramos, brings this action against the defendant, the New York City Department of Education ("DOE"), alleging that the DOE violated her child's rights to "a pendency placement" under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(j), and New York Education Law §§ 4404 and 4410.

The plaintiff now moves for summary judgment seeking an order that would require the DOE to fund the plaintiff's child's placement at the Institute for the Brain ("iBrain") for the 2018-19 school year pending final adjudication of the plaintiff's due process complaint against the DOE. The defendant cross-moves for summary judgment on the ground that this case is moot because the DOE has already agreed to fund the plaintiff's child's placement at iBrain for the 2018-19 school year.

1

For the reasons explained below, the plaintiff's motion for summary judgment is **denied** and the defendant's motion for summary judgment is **granted**.

**I.**

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

The substantive law governing the case will identify those facts that are material, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where there are cross-motions for summary judgment, the Court must assess each of the motions and determine whether either party is entitled to judgment as a matter of law. Admiral Indem. Co. v.

Travelers Cas. & Sur. Co. of Am., 881 F. Supp. 2d 570, 574 (S.D.N.Y. 2012).

## II.

### A.

The following facts are undisputed unless otherwise noted. W.R., the plaintiff's 7-year-old daughter, has a brain injury that has resulted in severe disabilities. Pl. 56.1 Stmt. ¶ 2. She is non-verbal, non-ambulatory, has highly-sensitive management needs, and requires individualized attention, instruction, and intervention. Id. Because W.R. is classified as a student with a disability, the IDEA requires the DOE to provide her with a Free and Appropriate Education ("FAPE"). Id. at ¶ 3. The DOE does not dispute that for all the school years at issue in this case, W.R. is entitled to a FAPE. See Def. Response 56.1 Stmt. ¶ 3.

W.R. was a student at the International Academy of Hope ("iHope") during the 2017-18 school year. Pl. 56.1 Stmt. ¶ 4. A DOE Impartial Hearing Officer ("IHO") awarded full tuition and cost of related services at iHope to the plaintiff on behalf of W.R. for the 2017-18 school year, and the DOE did not appeal that decision. Id. at ¶¶ 5-6. On June 21, 2018, the plaintiff provided the DOE with a Ten-Day Notice that she intended to place W.R. at iBrain for the 2018-19 school year. Id. at ¶ 7; Corley Decl., Ex. C. W.R. began attending iBrain on July 9, 2018

and on the same day, the plaintiff brought a due process complaint against the DOE. Pl. 56.1 Stmt. ¶¶ 8-9; Corley Decl., Ex. E. The plaintiff alleged that the DOE did not provide W.R. with a FAPE for the 2018-19 school year, and requested various forms of relief, including an order requiring the DOE to fund W.R.'s placement at iBrain during the pendency of the due process proceeding.[1] Pl. 56.1 Stmt. ¶ 9; Corley Decl., Ex. E.

In August 2018, IHO Mindy G. Wolman ("IHO Wolman") issued an Interim Order on Pendency denying the plaintiff's request for pendency at iBrain. Pl. 56.1 Stmt. at ¶ 12; Corley Decl., Ex. G. The DOE does not dispute that IHO Wolman denied the plaintiff's request for pendency at iBrain; however, the DOE contends that implicit in IHO Wolman's conclusion that iBrain was not W.R.'s pendency placement was that iHope was W.R.'s proper pendency placement. Def. Response 56.1 Stmt. ¶ 12. The plaintiff appealed to the State Review Office, and on December 3, 2018, the appeal was dismissed by State Review Officer ("SRO") Carol H. Hague. Pl. 56.1 Stmt. ¶¶ 13-14; Corley Decl., Ex. H-I.

---

[1] Federal and state authority recognizes pendency rights. See 20 U.S.C. § 1415(j)("[D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . ."); N.Y. Educ. Law § 4404(4)(a) ("During the pendency of any proceedings conducted pursuant to this section . . . unless the local school district and the parents or persons in parental relationship otherwise agree, the student shall remain in the then current educational placement of such student . . . .").

On July 15, 2019, IHO John Farago ("IHO Farago") issued a Findings of Fact and Decision ("FOFD") on the merits of the plaintiff's underlying administrative proceeding. Def. 56.1 Stmt. ¶ 11; Crotty Decl., Ex. A. IHO Farago found that the DOE failed to provide W.R. with a FAPE, and directed the DOE to fund W.R.'s placement at iBrain from the start of the 2018-19 school year and to reimburse the plaintiff for any related expenses. Def. 56.1 Stmt. ¶¶ 11-12; Crotty Decl., Ex. A. By letter dated July 31, 2019, the DOE informed the plaintiff that it would not appeal IHO Farago's FOFD, and that it would fund W.R.'s placement at iBrain for the 2018-19 school year, including transportation costs and the cost of any required transportation paraprofessional. Def. 56.1 Stmt. ¶ 13; Crotty Decl., Ex. B. On June 21, 2019, the plaintiff notified the DOE of her intent to re-enroll W.R. at iBrain for the 2019-20 school year. Def. 56.1 Stmt. ¶ 15; Crotty Decl., Ex. C. On July 17, 2019, two days after IHO Farago issued his FOFD, the plaintiff moved for summary judgment in this action. Def. 56.1 Stmt. ¶ 14.

**B.**

The plaintiff moves for summary judgment seeking an order: (1) vacating the decision dated December 3, 2018 by SRO Hague denying W.R. pendency placement at iBrain; (2) requiring the defendant to fund W.R.'s placement at iBrain for the 2018-19 school year, including special transportation accommodations,

5

until a final adjudication on the due process complaint is complete; and (3) granting such other and further relief as the Court deems just, proper and equitable.

The defendant cross-moves for summary judgment on the ground that the plaintiff's case is moot because the DOE has agreed to fund W.R.'s unilateral placement at iBrain for the entire 2018-19 school year, including transportation costs, following IHO Farago's July 15, 2019 FOFD and the DOE's determination not to appeal that decision.

### III.

#### A.

Article III of the United States Constitution requires that an actual case or controversy must exist at all stages of federal court proceedings to support a court's subject matter jurisdiction. See Preiser v. Newkirk, 422 U.S. 395, 401 (1975); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (per curiam); Fox v. Bd. of Tr. of the State Univ. of New York, 42 F.3d 135, 139-40 (2d Cir. 1994). The mootness doctrine is derived from the constitutional requirement that federal courts may only review live cases or controversies. See DeFunis, 416 U.S. at 316; see also In re Kurtzman, 194 F.3d 54, 58 (2d Cir. 1999) (per curiam); Phillips v. Ienuso, No. 93 Civ. 6027, 1995 WL 239062, at *1 (S.D.N.Y. Apr. 24, 1995) (Sotomayor, J.). "The hallmark of a moot case or controversy is that the relief sought can no

longer be given or is no longer needed." Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983). When "the parties lack a legally cognizable interest in the outcome, a case is moot and the federal court is divested of jurisdiction over it." Catanzano v. Wing, 277 F.3d 99, 107 (2d Cir. 2001) (internal citation and quotation marks omitted). "[T]he mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit, including the pendency of the appeal. Accordingly, a case that is 'live' at the outset may become moot 'when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury.'" Cook v. Colgate Univ., 992 F.2d 17, 19 (2d Cir. 1993) (quoting Alexander v. Yale Univ., 631 F.2d 178, 183 (2d Cir. 1980)) (internal citations omitted).

Courts have dismissed as moot claims brought under the IDEA where an IHO or SRO has granted the plaintiff's requested relief prior to the court's adjudication. See F.O v. New York City Dept. of Educ., 899 F. Supp. 2d 251, 254 (2012) (finding the plaintiffs' claim to be moot because the DOE provided the requested relief); R.C. v. Carmel Cent. Sch. Dist., No. 06 CIV. 5495, 2007 WL 1732429, at *4 (S.D.N.Y. June 14, 2007) (holding that a claim for relief was moot when four days after the plaintiffs filed suit, an IHO granted the plaintiffs the relief they would have secured had the initial IHO ruled in their

favor); Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 86 F. Supp. 2d 354, 362 (S.D.N.Y. 2000) (noting that a claim for relief with respect to reimbursement did not present a "case or controversy" because the district board of education had already reimbursed the plaintiffs), aff'd, 297 F.3d 195 (2d Cir. 2002).

In this case, the plaintiff seeks funding from the DOE for W.R.'s placement at iBrain for the 2018-19 school year, including all transportation costs, including the pendency placement at iBrain. On July 15, 2019, IHO Farago issued an administrative decision ordering the DOE to provide funding for W.R.'s placement at iBrain for the entire 2018-19 school year which would include the period of any pendency placement at iBrain. Further, the DOE has stated that it will not appeal that decision.[2] Crotty Decl. ¶ 3 & Ex. B. The plaintiff's case is therefore moot because "the relief sought . . . is no longer needed." Martin-Trigona, 702 F.2d at 386; see New York Civil Liberties Union v. Grandeau, 453 F. Supp. 2d. 800, 805 (S.D.N.Y. 2006) ("[I]n connection with the present cross-motions for summary judgment, it is apparent that there is no live case or

---

[2] The plaintiff argues that the DOE's motion is premature, because despite its assertion that it would not appeal IHO Farago's FOFD, the DOE has 35 days from the date of a decision to appeal that decision. This argument is without merit. The DOE represented its intention to provide the directed relief and there is no suggestion that it acted to the contrary. Cf. R.C., 2007 WL 1732429, at *3 ("The District . . . is presumed to have complied with the IHO's order in all respects.").

controversy between the parties and the action must be dismissed as moot.").[3]

**B.**

The plaintiff argues that this case falls within the "capable of repetition, yet evading review" exception to the mootness doctrine. This exception applies only in exceptional situations, "where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet, 260 F.3d 114, 119 (2d Cir. 2001) (quoting Spencer v. Kemna, 523 U.S. 1, 17 (1998)).

The plaintiff cannot satisfy the second requirement, which requires that the party seeking to avoid the effect of the mootness doctrine to "show that these same parties are reasonably likely to find themselves again in dispute over the issues raised[.]" Dennin v. Conn. Interscholastic Athletic

---

[3] The plaintiff contends that she is entitled to an award of pendency at iBrain for her child, but fails to articulate how that differs from the relief provided by IHO Farago's FOFD – namely, requiring the DOE to provide the plaintiff full funding for the 2018-19 school year at iBrain. See N.Y. Educ. Law § 4404(1)(c) ("The decision of the impartial hearing officer shall be binding upon both parties unless appealed to the state review officer."); Student X v. NYC Dep't of Educ., No. 07-CV-2316, 2008 WL 4890440, at *22 (E.D.N.Y. Oct. 30, 2008) (noting that an IHO's unappealed decision determines the student's pendency placement).

9

Conference, Inc., 94 F.3d 96, 101 (2d Cir. 1996) (internal quotation marks and alterations omitted). "Further, mere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." Id. (quotation marks omitted).

In this case, "there is no reasonable expectation that [the plaintiff] . . . would be subject to the same action again." F.O., 899 F. Supp. 2d at 255 (internal citation and quotation marks omitted). In F.O., the plaintiffs argued that their claim fell into the capable of repetition, yet evading review exception to the mootness doctrine because there was a reasonable expectation that the plaintiffs would have to litigate the appropriateness of the student's placement in the future. 899 F. Supp. 2d at 255. The court disagreed, finding that "[t]he 'action' suffered by Plaintiffs in this case – to have been denied specific interim relief during the pendency of the underlying impartial hearing for the 2010–2011 school year – could not possibly happen again. Any determination of [the student's] right to a particular placement in future years is premature." Id.

The injury that the plaintiff complains of in this case "could not possibly happen again." Id. The plaintiff complained about the failure to provide payment for iBrain as a pendency

placement for the 2018-19 school year, a school year which is now over and in which the DOE fully funded W.R.'s placement at iBrain. Moreover, for the injury in this case to recur, the plaintiff would have to remove W.R. from iBrain, transfer W.R. to a new placement without a showing that the new placement was substantially similar to iBrain, and pursue another due process proceeding seeking funding for the new placement and meanwhile seek pendency payment for the new program. There is no indication in the record that the plaintiff plans to take these steps. On the contrary, the plaintiff notified the DOE of her intent to re-enroll W.R. at iBrain for the 2019-20 school year. <u>See</u> Crotty Decl. ¶ 5 & Ex. C.

The plaintiff has failed to show that this case falls into the rare capable of repetition yet evading review exception to the mootness doctrine.

This case is therefore moot. The plaintiff's motion for summary judgment is **denied** and the DOE's motion for summary judgment is **granted**.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, remaining arguments are either moot or without merit. For the foregoing reasons, the defendant's motion for summary judgment is **granted** and the plaintiffs' motion for summary judgment is **denied**. The

Clerk is directed to enter judgment for the defendant. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**March 22, 2020**              _____/s/ John G. Koeltl_____
                                          John G. Koeltl
                                  United States District Judge